# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CHIRON S. COTTRELL,

        Petitioner,    :    Case No. 2:25-cv-00548

  - vs -        District Judge Michael H. Watson
        Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER

This is an action brought *pro se* pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. It is before the Court on Petitioner's Motion To Withdraw Order, Deny and Strike Motion, and Order Respondent To Serve Petitioner (the "Motion," ECF No. 10).  In the Motion, Petitioner complains that the Court granted Respondent's request for an extension of time to answer without waiting for Petitioner's opposition and in fact without the Respondent's request having been served on Petitioner at all.

Taking the last point first, Respondent's Motion contains a Certificate that Petitioner was served by ordinary mail on July 17, 2025, the same day the Motion was filed.  This is the only kind of service required by the Rules of Civil Procedure.  Respondent is as dependent on the United States mail as is the Court.  If Petitioner has not received the Motion by the time he receives this Order, he should inquire whether the prison authorities have received the Motion and notify the

1

Court of the results of that inquiry.

After the preliminary review of the case required by Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge ordered Respondent to file an answer conforming to Rule 5 of those Rules within sixty days (ECF No. 5). That made the answer due July 19, 2025. On July 17, 2025, Respondent moved for an extension of time to answer (ECF No. 7). Respondent's counsel represented that he had requested the required records form the state courts, but had not yet received them and would require time to review them and prepare an answer after they were received. *Id.*

Review of the State Court Record is critical to decision of this case. In deciding whether this Court must defer to the decisions of the state court, we are limited to examining the record made in those courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

Obviously examining the State Court Record cannot be done until it is filed. Getting it filed is heavily dependent on the cooperation of the relevant state courts clerks. While the Court has the resources necessary to command production of the records, we are commanded by the Supreme Court to treat the state courts with respect which includes acknowledging the workloads under which they operate.

Petitioner's objection to the extension of time appears to be purely procedural: he offers no objection other than the fact he did not get a chance to oppose the Motion before it was granted. This is certainly true, but it is also true of the vast majority of motions for extension of time in this Court.

In sum, Respondent offered good cause for an extension which has not been rebutted by Petitioner.  Petitioner's instant Motion is DENIED.

August 5, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge