**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

CHIRON S. COTTRELL,

        Petitioner,   :        Case No. 2:25-cv-00548

  - vs -                              District Judge Michael H. Watson
                                       Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                                :
        Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Chiron Cottrell, is before the Court on Order of District Judge Michael H. Watson (ECF No. 24) to file a substitute Report and Recommendations addressing Petitioner's Objections (ECF No. 23) to the original Report and Recommendations (ECF No. 22).

**Litigation History**

On August 21, 2021, a Muskingum County grand jury handed down an indictment charging Petitioner in twenty counts relating to drug trafficking. On March 21, 2022, Petitioner pled guilty to one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32 and one count of trafficking in methamphetamine in violation of Ohio Revised Code §

1

2925.03 (State Court Record, ECF No. 17, Ex. 6). Pursuant to that plea, he was sentenced to ten years on the corrupt pattern count and two years on the trafficking count to be served concurrently. *Id*. at Ex. 8.

Petitioner appealed, raising as an assignment of error that the sentence did not comply with Ohio's sentencing statutes. The Ohio Fifth District Court of Appeals affirmed the conviction and sentence. State v. Cottrell, 2023-Ohio-1391 (Ohio App. 5th Dist. Apr. 27, 2023). Cottrell did not appeal to the Ohio Supreme Court, but filed an application for reopening his direct appeal on June 28, 2023 (State Court Record, ECF No. 17, Ex. 21). The Fifth District denied the application both originally and on reconsideration. Id. at Exs. 22 and 26.

On December 11, 2023, Petitioner filed a motion for new trial in the Fifth District. The motion was denied in that motions for new trial are not considered in the first instance by appellate courts in Ohio. Id. at Exs. 27 and 28. The Ohio Supreme Court declined jurisdiction over a further appeal. Id. at Ex. 31.

Petitioner then filed a petition for post-conviction relief which the Common Pleas Court denied. *Id*. at Exs. 32, 36. The Fifth District dismissed an appeal for want of prosecution. Id. at Ex. 42. Petitioner then filed a second petition for post-conviction relief which the Common Pleas Court denied. *Id*. at Exs. 43 and 48. The Fifth District affirmed, finding the trial court had no jurisdiction under Ohio Revised Code § 2953.23. *Id*. at Ex. 53. The Ohio Supreme Court declined jurisdiction over a further appeal. Id. at Ex. 56. On February 3, 2025, Petitioner filed a Delayed Application for Reopening his direct appeal under Ohio R. App. P. 26(b) which the Fifth District denied a week later. *Id*. at Exs. 62, 64. Petitioner's subsequent motions in both the trial and appellate courts have been denied. *Id*. at Exs. 65-70.

Petitioner filed his Petition in this Court on May 7, 2025, by placing it in the prison mailing

system on that date (ECF No. 1, PageID 91). He pleads the following grounds for relief:

**Ground One: Speedy Trial Violation**

**Supporting Facts:** I was arrested on August 14th 2021 at my home in Mesa, Arizona. I waived extradition on August 15th 2021 on August 16th 2021 Maricopa County Sheriffs Department Fax Zanesville Extradition and let them know I had no charges or holds pending and I was ready for pick-up. I didn't get picked up until October 27th 2021 which was a total of 73 days towards my Speedy Trial Clock. My speedy trial rights was violated under the Ohio Constitution and the Sixth Amendment Article I Section 10 U.S. Constitution.

**Ground Two: Ineffective Assistance of Counsel**

**Supporting Facts:** Chiron Cottrell trial counsel was ineffective when she failed to file the 2945.73(B) motion to have the indictment dismissed after the time expired to bring Cottrell to trial. Cottrell's counsel was ineffective when she signed a time waiver after the speedy trial time had already elapsed when there was nothing on the record that tolled the time prior Chiron Cottrell trial counsel was ineffective when she had me to do a "unknowingly" "guilty plea" after the speedy trial time expired. Cottrell was denied effective counsel that's guaranteed under the Sixth Amendment of the U.S. Constitution.

**Ground Three: Due Process Violation**

**Supporting Facts**: Zanesville Prosecutors knowingly presented false evidence to the grand jury that Chiron Cottrell was in Zanesville, Ohio when the offenses occurred also that Cottrell was in possession of 56,330 dollars and it was seized Prosecutors also said Cottrell trafficked in OxyCodone through FedEx a person has to have Proper Identification to shipped packages through FedEx. Therefore the state deprived Cottrell of equal application and protection of the law with the willful intent to deprive Cottrell of rights and thus due process under the Fourteenth Amendment of the U.S. Constitution.

**GROUND FOUR:** *Brady* **Violation**

**Supporting Facts:** Prosecutors deliberately withheld evidence from the State trial court record and Cottrells attorney that Chiron Cottrell was extradited from Arizona to Ohio when he was held solely on the Ohio charges. Prosecutor was notified via fax that Cottrell was ready

3

>   for pick-up and that he had no charges pending. Prosecutors failed to exercise reasonable diligence to secure Cottrell for trial. Prosecutors violated Chiron Cottrell's Fourteenth Amendment of the U.S. Constitution.

(Petition, ECF No. 3, PageID 81, 83, 84, 86).

## Analysis

**Statute of Limitations**

Respondent asserts that consideration of the merits of the Petition in this case is barred by the statute of limitations, 28 U.S.C. § 2244(d), which provides:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

Under § 2244(d)(1)(A), the statute runs from conclusion of direct review. In this case that

4

occurred June 11, 2023, when Petitioner's time to appeal to the Ohio Supreme Court expired and he failed to do so. Unless the statute was tolled, it would then have expired June 12, 2024.

Under § 2244(d)(2), the statute is tolled during pendency of any properly filed collateral attack on the judgment. Petitioner filed an Application for Reopening the direct appeal on June 28, 2023 (State Court Record, ECF No. 17, Ex. 21). The Fifth District Court of Appeals analyzed his Application under the first stage prescribed by the Ohio Supreme Court in *State v. Leyh*, 166 Ohio St.3d 365 (2022), and held:

> An application to reopen "shall contain" "[a]ny parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies." App.R. 26(B)(2)(e). Cottrell's application makes arguments without relying on any parts of the record or affidavits in support. In fact, under his breach of plea deal argument, he acknowledges the record "does not reflect the terms and conditions of the promised plea agreements due to Muskingum County's well-known pattern and practices to conduct agreements outside courtrooms and off the record." Application at 5. There would be nothing to review. Likewise, there is nothing to even minimally support his arguments on the trial court's abuse of discretion for departing from the promised sentence, prosecutorial misconduct (falsified information to the grand jury), and *Brady* violation.
>
> As for speedy trial rights, Cottrell argues his rights were violated due to extradition delays from Phoenix, Arizona. He argues he was arrested in Phoenix on August 14, 2021, and not picked up until October 27, 2021. On August 19, 2021, an arrest warrant was issued to the Sheriff of Muskingum County, Ohio ordering the Sheriff to arrest Cottrell. The October 28, 2021 Sheriff's Return states a bench warrant was received on August 19, 2021, and Cottrell was arrested on October 27, 2021. There is nothing in the record to indicate extradition and an arrest date and incarceration in Phoenix; Cottrell does not rely on any records or affidavits from himself or any counsel to support his argument.

(Judgment Entry, State Court Record, ECF No. 17, PageID 373-74).

Although Petitioner's Application for Reopening was timely filed within ninety days of journalization of the judgment on appeal, it was not "properly filed" because it did not contain the

5

documentation required by Ohio R. App. P. 26(B)(2). In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

531 U.S. at 8. The question of whether a collateral attack has been properly filed is a question of state law on which we are bound to accept the decision of the involved state court. *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005). Here the Fifth District Court of Appeals found Petitioner's 26(B) application was improper as to form. It was therefore not "properly filed" within the meaning of that phrase in §2244(d)(2) and did not toll the statute of limitations.

Petitioner's next collateral attack was his Motion for New Trial, filed December 11, 2023 (State Court Record, ECF No. 17, Ex. 27). That collateral attack was also not properly filed because Petitioner filed it in the Fifth District Court of Appeals when it should have been filed in the trial court. The appellate court promptly denied the Motion two days after it was filed and advised Petitioner in the dismissal entry where he should have filed. Id. at Ex. 28. Nevertheless Petitioner took an appeal to the Ohio Supreme Court in which he argued the merits of his speedy trial claim and his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims against counsel for not raising that claim (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 17, Ex. 30). We do not know why the Ohio Supreme Court declined jurisdiction, but the appeal was frivolous because the Fifth District had not decided the merits of those ineffective assistance of counsel claims. In any event because the statute was not tolled by

6

the Motion for New Trial, it was also not tolled by Petitioner's appeal from denial.

The next collateral attack documented in the State Court Record is Petitioner's Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 which was filed January 3, 2024 (State Court Record, ECF No. 17, Ex. 32). Judge Fleagle denied the Petition on the merits on March 1, 2024. *Id*. at Ex. 36. Petitioner appealed, but the appeal was dismissed on procedural grounds May 3, 2024. *Id.* at Ex. 39. This attack was properly filed and tolled the statute from January 3 to May 3, 2024.

Petitioner's second Petition for Post-Conviction Relief was not properly filed because he did not meet the requirements of Ohio Revised Code § 2953.23, leaving the trial court without jurisdiction (Opinion, State Court Record, ECF No. 17, Ex. 53, ¶ 56).

On January 29, 2025, Petitioner filed a purported Notice of Appeal from his conviction. Because the Notice of Appeal was grossly untimely, it was not properly filed and did not toll the statute.

To summarize, then, the statute began to run June 11, 2023, and continued to run until January 3, 2024, when he filed his Petition for Post-Conviction Relief (206 days). The statute was then tolled until that proceeding was final on appeal on May 3, 2024. He filed here 369 days later on May 7, 2025. Under § 2244(d)(1)(A), the Petition was filed 210 days late.

Petitioner does not suggest any other triggering date besides conclusion of direct review. Instead he claims the benefit of the actual innocence exception recognized in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Under *McQuiggin*, late filing is excused if a petitioner can show factual innocence of the crime for which he was convicted. The Supreme Court also wrote:

> We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him

7

> guilty beyond a reasonable doubt." Schlup, 513 U. S., at 329, 115 S.
> Ct. 851, 130 L. Ed. 2d 808; see House, 547 U. S., at 538, 126 S. Ct.
> 2064, 165 L. Ed. 2d. 1 (emphasizing that the Schlup standard is
> "demanding" and seldom met).

Id. at 386-87. Petitioner has presented no new admissible evidence at all. Instead he argues that the true drug trafficker is a Patricia Lewis, mother of a woman he dated in Zanesville, who was, according to Petitioner, also convicted of drug charges at some later date. Petitioner does not even give the Court his source for this information, much less present it in the form of admissible evidence.

An additional difficulty with Petitioner's actual innocence claim is that it flatly contradicts his guilty plea. By pleading guilty a defendant admits all the facts necessary for conviction. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Cottrell pleaded guilty in open court on March 21, 2022 (Transcript, ECF No. 17-1). As part of the plea colloquy, he denied that he had been promised anything beyond what the judge had read or that he had been threatened in any way. *Id*. at PageID 830-31. During the same colloquy, he expressed satisfaction with the advice and assistance his attorneys had given him. *Id*. at PageID 829.

In June 2022 Petitioner wrote a letter to the trial judge seeking to withdraw his guilty plea because he claimed his attorney had tricked him into agreeing by telling him he could be convicted on the testimony of other persons, no physical evidence was required, and conviction by a jury was likely because he was a black man from Arizona where the drugs had been sent from (Letter, State Court Record, ECF No. 17, Ex. 11). However, he never pursued a claim that his plea was involuntary or unknowing in his direct appeal which was then pending (Appellant's Brief, State

Court Record, ECF No. 17, Ex. 18). "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614 (1998), citing *Reed v. Farley*, 512 U.S. 339, 354 (1994). Petitioner has therefore waived his claim that his guilty plea was not knowing, intelligent, and voluntary by not raising it on direct appeal. His claim of actual innocence is barred by his plea of guilty.

Based on this analysis, the undersigned concluded Cottrell's Petition was time-barred ("Report," ECF No.22).   Petitioner has filed extensive objections which are dealt with below.

**Speedy Trial Claim**

Petitioner's first objection is labeled "**Speedy Trial**" and begins:

> Magistrate Merz incorrectly stated that there was nothing on the "State Record" that tolled the time prior to Petitioner signing a plea deal, which plea deal was due to the state prosecutor, John Francis Litle, Registration No. 80598, and trial counsel, Samantha Renee Pugh, Registration No. 101035, conspired and colluded with the purpose and intent to and did withheld the records and fact from the Court that Petitioner was arrested August 14, 2021 in Arizona and was held solely on Ohio charges until October 27, 2021 (Affidavit of Chiron Sanchez Cottrell, Doc #: 17, PAGEID #:369). The extreme delay was due to the State's failure to exercise reasonable diligence to take custody of and bring Petitioner to trial after being notified by Maricopa  Sheriffs Office (Arizona) of Petitioner's arrest. However, and as detailed in Petitioner's petition for post-conviction relief, supported by the August 15, 2021 Maricopa County Jail "waiver of extradition" (Exhibit 23, 2-25-cv-00548, Doc#: 17, PAGEID #:379 - 380), the City Of Zanesville Facsimile Message (Doc. # 17 P AG EID # 662), Mesa Police Department Warrant Arrest - FOJ (Doc. #17 PAGEID # 661, 765, 766), and Waiver Of Extradition (Doc#: 17, PAGEID #:379 - 380), clearly displaying communications between Mesa Police Department, Maricopa County Sheriff's Office (Arizona), Zanesville Ohio Dispatch/Extradition, clearly demonstrating Petitioner was indeed arrested and in custody in Arizona on August 14, 2021, held solely on the Ohio charges, and instructed the following to "Zanesville Ohio Dispatch/Extradition" in the Waiver Of Extradition (Doc#: 17, PAGEID #:379 - 380): Cottrell Chiron .. .is in our custody and ready for pick-up on an SIGNED WAIVER Attached. Subject has no

> current local charges pending. Deadline for taking custody is 9/1/2021.

(Objections, ECF No. 23, PageID 972-73).

The Objections read the original Report as somehow considering Petitioner's speedy trial claim on the merits and not crediting toward speedy trial limitations the time he spent in Arizona after being arrested on the Ohio warrant. That is a misreading of the original Report which does not discuss in any way the merits of Petitioner's speedy trial claim. Habeas corpus provides a method for attacking a state criminal conviction but limits the time within which such an attack can be made **after** the conviction happens. The statute of limitations calculation and the above analysis relates only to the time after conviction. The undersigned has not considered the merits of the speedy trial claim because consideration of the merits is barred by the statute of limitations.

**Actual Innocence Exception**

Failure to file within the statute of limitations can be excused by a showing of actual innocence through the presentation of convincing new evidence. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). The original Report concluded Cottrell has not presented new evidence sufficient to satisfy the requirements of *Schlup v. Delo*, 513 U.S. 298, 319 (1995). Petitioner objects:

> Patricia Lewis, who is the Caucasian mother of Kendra, who is also Caucasian, of whom Petitioner dated Kendra on two or three occasions between 2019 and 2020 when Petitioner was visiting in Zanesville, Ohio, and the mother, Patricia Lewis, who was racist against Petitioner, exclaimed on more than one occasion that Kendra was having sex with a "nigger." After more than one year that Petition had not been in Zanesville, Ohio but incessantly attending Refrigeration School, Inc. in Phoenix, Arizona; Patricia Lewis was found to be in possession of drugs and, being the hateful racist that she had previously been against Petitioner for having sex with her daughter, conveniently claimed the drugs belonged to Petitioner. As confirmed by Prosecutor Martin during the March 21, 2022 hearing, "[Patricia} Lewis advised that ... she received numerous packages"

10

> of drugs. (Transcript Of The Proceeding, Doc# 17-1, Page 16 of 18, PAGEID #:835). If the Court is to accept Patricia Lewis' advisement as true, Prosecutor Martin knew in August 2021 that Patricia Lewis was admittedly guilty of "engaging in a pattern of corrupt activity" but, instead of charging Patricia Lewis, not even with possession of drugs, and solely on the word of Patricia Lewis, charged, arrested, indicted, and, by use of threat, intimidation, and manipulation, wrongfully convicted Petitioner. In 2023 and two years after Petitioner was incarcerated: Patricia Lewis was again found to be in possession of the exact same narcotic "methamphetamine" she was found to be in possession in 2021. It is, therefore, more likely than not that Patricia Lewis acquired the drugs in 2021 and 2023 from the same drug supplier and not Petitioner. As a result, and because Petitioner was incarcerated and could not again be falsely accused of providing the drugs. Patricia Lewis was charge[d], indicted, and convicted for possession of drugs in 2023. Reference: *State of Ohio v. Patricia Lewis*, Case No. CR 2023-0615.

(Objections, ECF No. 23, PageID 973-74). As the undersigned understands Petitioner's theory of his actual innocence, it is that Patricia Lewis, a white racist, in order to enact revenge on Petitioner for dating her white daughter, falsely accused Petitioner of sending her narcotics on a sufficient number of occasions to qualify his conduct as engaging in a pattern of corrupt activity. Cottrell admitted that behavior under oath in the plea colloquy. He now claims the admission was made because he followed the unethical instructions of his trial attorney who followed the "well-known common practice and pattern" of instructing their clients to perjure themselves during plea colloquies. *Id.* at PageID 976.

The kind of new evidence required under *Schlup* has been described by the Sixth Circuit:

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005), citing *Schlup* at 324. Cottrell's speculation about vengeful racist behavior on Patricia Lewis's part does not qualify under *McQuiggin*.

11

Cottrell asserts his guilty plea should not be used against him because it was coerced. The original Report pointed out that he had not raised this claim on direct appeal and could not now raised it collaterally. He blames that fact on ineffective assistance of appellate counsel, but he failed to properly file that claim in his Ohio R. App. P. 26(B) application. That precludes his reliance on it here. The ineffective assistance claim cannot be presented as cause if it was itself procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley,* 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano,* 527 F.3d 479, 488 (6th Cir. 2007).

In the original Report, the undersigned wrote: "In June 2022 Petitioner wrote a letter to the trial judge seeking to withdraw his guilty plea . . . (Report, ECF No. 22, PageID 969). Cottrell claims the letter was actually written in May, but the only date on it is the clerk's time stamp of June 15, 2022.

**Conclusion**

Having reviewed the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 30, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.