## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Chiron S. Cottrell,

    Petitioner,

    v.

Jay Forshey, Warden,
Noble Correctional Institution,

    Respondent.

Case No. 2:25-cv-548

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

This habeas corpus action, brought *pro se* by Chiron Cottrell ("Petitioner")

pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections, ECF

No. 27, to the Magistrate Judge's Substituted Report and Recommendations

("SR&R") recommending dismissal, ECF No. 26.

## I.    STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

72(b), the Court has reviewed *de novo* those portions of the SR&R to which

Petitioner properly objected.

## II.    ANALYSIS

Petitioner begins his Objections by asserting that this case is brought under

28 U.S.C. § 2241.  Obj. 1, ECF No. 27.

It is not.  Petitioner seeks relief from his convictions for engaging in a

pattern of corrupt activity and trafficking in drugs, under Ohio law.  This Court's habeas corpus jurisdiction for such convictions is governed by 28 U.S.C. § 2254, not the more general § 2241.  *Lapine v. Chapman*, No. 20-1509, 2020 WL 7048667, at *2 (6th Cir. Oct. 27, 2020) ("[Section] 2241 is generally the proper vehicle for state detainees who seek to challenge a pretrial detention . . . .  And § 2254 is generally the proper vehicle for state detainees who seek to challenge a posttrial detention the validity of which is based on the state criminal *conviction*." (citations omitted)).

Petitioner next asserts on objection that the Court's return of this matter to the Magistrate Judge "changed the jurisdictional basis of this case . . . ." Obj. 1, ECF No. 27.

It did not.  Nor did the return of this matter to the Magistrate Judge imply that there was any merit to Petitioner's original objections.

The Court has reviewed Petitioner's remaining objections to the SR&R and finds that they likewise lack merit.  Because, as explained below, Petitioner has not overcome the procedural default, the Court **ADOPTS** the SR&R and concludes that Petitioner's claims are barred by the statute of limitations.

Petitioner relies on factual innocence to overcome the procedural default of his claims.  Regarding factual innocence, Petitioner claims that he was prosecuted because of his race in that Patricia Lewis ("Ms. Lewis"), a white woman from Zanesville, resented the fact that Petitioner, a black man, had dated her daughter.  Obj. 5–7, ECF No. 27.  So, Ms. Lewis falsely accused Petitioner of

supplying her with certain drugs that apparently formed the basis of the crimes for which he pleaded guilty. *Id.* at 5, 6–7. He asserts that Ms. Lewis was "found in possession and convicted of the same drugs" two years after his conviction, and the fact that Ms. Lewis possessed the same drugs *while Petitioner was incarcerated* means that she must have also committed the prior drug crimes for which Petitioner was convicted, demonstrating Petitioner's factual innocence. *Id.*

The Magistrate Judge noted in connection with the briefing on the Petition that Petitioner had not provided any source for that allegation. R&R 8, ECF No. 22. On objection, Petitioner accuses the Magistrate Judge of lying in making that statement and says that he has since revealed his source: Ms. Lewis's criminal conviction in *State of Ohio v. Patricia Lewis,* Case No. CR 2023-0615. Obj. 5, ECF No. 27. Petitioner now explains further that he has no proof besides Ms. Lewis's state-court case because, as a prisoner, he lacks access to ODRC's records regarding Ms. Lewis and can instead access only the public docket for her case. *Id.*

Ms. Lewis's drug conviction does not establish Petitioner's factual innocence of the crimes to which he pleaded guilty. Although there are multiple problems, one is immediately apparent: the phrase "the same drugs" is ambiguous. To the extent Petitioner means that Ms. Lewis accused him of providing her with a specific type of drug, the fact that she was able to obtain that type of drug even while he was incarcerated does not imply (let alone establish) that Petitioner was not her supplier before his incarceration. Obviously, people in

Case No. 2:25-cv-548                                                    Page 3 of 8

search of drugs can buy them from multiple suppliers.  But even assuming Petitioner alleges that Ms. Lewis was in possession, two years after his incarceration, of the "same drugs" in the sense that Ms. Lewis was prosecuted for receiving the very drugs that formed the basis of Petitioner's conviction, that would not prove his innocence: it is a crime both to send and to receive controlled substances through the United States mail, and Ms. Lewis's conviction does not prove that he was not her supplier.

At bottom, Petitioner cites to nothing other than "*State of Ohio v. Patricia Lewis*, Case No. CR 2023-6015" and argues that it establishes his factual innocence.  It does not.

Moreover, the Magistrate Judge wrote that Petitioner's claim of actual innocence was refuted by his guilty plea.  SR&R 12, ECF No. 26.  By pleading guilty, a defendant admits the facts underlying the counts to which he is pleading.  Indeed, in the Plea Agreement in the paragraph immediately above his signature are the words "By pleading guilty I admit committing the offense . . . ."  State Court Record, ECF No. 17, Ex. 6, at PAGEID # 281.  In contrast, a plea of actual innocence for the purpose of avoiding procedural default is an assertion of factual innocence.  *Bousley v. United States,* 523 U.S. 614, 623 (1998).  The Court agrees that a claim of factual innocence is contradictory to an admission of factual guilt.[1]

---

[1] Petitioner contends that his guilty plea does not bar a finding of factual innocence because his guilty plea was invalid.  E.g., Obj. 3, ECF No. 27.  The SR&R noted that

But even absent the admissions contained in the guilty plea, the Court has just explained that Petitioner's citation to a criminal case against Ms. Lewis is insufficient to establish actual innocence within the meaning of *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Because he has not proven actual innocence, his four grounds for relief in the Petition are time-barred.

In the alternative, Petitioner's speedy trial claims fail on their merits.

First, any violation of the Ohio speedy trial statute is not grounds for habeas relief. This Court's authority to grant habeas corpus relief is limited to correcting federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 7 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Barclay v. Florida*, 463 U.S. 939, 956 (1983); *Smith v. Phillips*, 455 U.S. 209, 221 (1982). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Elmendorf v. Taylor*, 23 U.S. 152, 160 (1825); *Bickham v. Winn*, 888 F.3d 248, 253 (6th Cir. Apr. 23, 2018) (Thapar, J., concurring).

---

Petitioner failed to directly appeal the validity of his plea, SR&R 8–9, ECF No. 26, and Petitioner responds on objection that the failure to challenge the validity of the plea on direct appeal was caused by appellate counsel's ineffective assistance, Obj. 10, ECF No. 27. The Court need not ultimately determine whether the factual admissions in Petitioner's guilty plea should be considered in connection with his actual innocence gateway claim, however, because he fails to satisfy the showing of actual innocence even without considering the fact that he pleaded guilty to the conduct.

Case No. 2:25-cv-548                                                    Page 5 of 8

This distinction is critical to Petitioner's speedy trial claim, which assumes that his statutory claim under Ohio Revised Code § 2945.71[2] is the same as his federal constitutional claim under the Sixth Amendment. It is not. As Petitioner points out, the Ohio statute has strict time limits and mandates dismissal if they are not met. *E.g., State v. McDonald*, 2023-Ohio-197, 2023 WL 372009, at *4 (Ohio Ct. App. Jan. 24, 2023). The Ohio courts did not accept Petitioner's claim that his speedy trial time under Ohio Revised Code § 2945.71 had been exceeded, but this Court cannot re-examine that state court's determination on that question of state law. *Bradshaw v. Richey*, 546 U.S. 74, 78 (2005).

Nor is Petitioner entitled, as a matter of federal due process, to have the Ohio speedy trial limit enforced. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

The federal constitutional right to a speedy trial, guaranteed by the Sixth Amendment, is governed by the standard adopted in *Barker v. Wingo,* 407 U.S.

---

[2] The federal Speedy Trial Act is irrelevant for habeas purposes because it applies only to defendants charged in federal court with violating federal laws. *E.g., United States v. Copley*, 774 F.2d 728, 730 (6th Cir. 1985) ("To define a federal arrest for purposes of the Speedy Trial Act, courts have held uniformly that one was not arrested within the intendment of the Speedy Trial Act until he be taken into custody after a federal arrest for the purposes of responding to a federal charge." (internal quotation marks and citation omitted)).

514, 530 (1972), in which the Supreme Court enunciated a four-part balancing test to use in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. The Court has also noted that delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

Formal accusation occurred in this case on August 19, 2021, when the Muskingum County grand jury returned the indictment that eventually resulted in conviction. State Court Record, ECF No. 17, Ex. 1. Petitioner asserts that he was arrested before that, on August 16, 2021, and the record supports this claim. Ohio law enforcement officers went to Mesa, Arizona, took custody of Petitioner, and returned him to Ohio such that he appeared before Judge Mark Fleegle for arraignment on November 3, 2021. *Id.* at Ex. 2.

After arraignment, Petitioner had three sets of counsel prior to pleading guilty. His second counsel moved on December 20, 2021, to continue a January 2022, trial date, citing a need to thoroughly review the discovery and create a trial strategy. *Id.* at Ex. 3. The trial court granted the motion and continued the trial until March 22, 2022. *Id.* at Ex. 4. Acting with and through his third counsel, Samantha Pugh, Petitioner executed a statutory time waiver on March 11, 2022. *Id.* at Ex. 5. Ten days later, and before the scheduled March trial date, Petitioner pleaded guilty to the offenses of which he was convicted. *Id.* at Ex. 6. Thus, the

case went from accusation to guilty plea in just over seven months, which time included the appointment of three sets of attorneys, a defense motion to continue, and a partially retroactive statutory speedy trial waiver.

On its face, the record does not present a claim for a constitutional speedy trial claim, as all four *Barker* factors weigh against Petitioner. Because the speedy trial allegation underlies at least Grounds One and Two of the Petition, those claims alternatively fail on the merits, even if not barred by procedural default.

## III.    CONCLUSION

The Magistrate Judge's SR&R correctly analyzes the case, so the Court **OVERRULES** Petitioner's objections, **ADOPTS** the SR&R, and **DISMISSES WITH PREJUDICE** the Petition as barred by the statute of limitations. The Clerk **SHALL** enter judgment for Respondent and terminate the case. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

   **IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

Case No. 2:25-cv-548                                                           Page 8 of 8